United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEAN REECE, | Case No.: 5:11-CV-03960 EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| UNITRIN AUTO AND HOME INSURANCE COMPANY, | |
| Defendant. | **[Re: Docket No. 25]** |

In this employment-related action brought by Plaintiff Dean Reece ("Plaintiff" or "Reece"), presently before the Court is Defendant Merastar Insurance Company's ("Defendant" or "Merastar")[1] Motion for Summary Judgment. See Docket Item No. 25. The Court found these matters appropriate for decision without oral argument pursuant to Local Civil Rule 7–1(b), and previously vacated the corresponding hearing date. Having fully reviewed the parties' papers the Court will grant Defendant's Motion for Summary Judgment.

## I.    Background

### A.  Factual Summary

On or around March 5, 2007, Defendant, a nationwide home and auto insurance company, began to employ Plaintiff as a material damage appraiser. Notice of Removal Ex. A, Pl.'s First Am.

---

[1] Plaintiff had erroneously sued Unitrin Auto and Home Insurance Company instead of Merastar.

1

Case No.: 5:11-CV-03960 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1   Compl. ¶ 5 (hereinafter "First Am. Compl."), Docket Item No. 1. Plaintiff's direct supervisor was

2   Ronald Stanley ("Stanley"). Decl. of Todd K. Boyer in Supp. of Def.'s Mot. for Summ. J. Ex. A.

3   Plaintiff's job duties were to appraise and write repair estimates for damage to insured's and

4   claimant's vehicles. Id.; id. ex. LL, Dep. of Dean Reece Vol. I, at 83–87. Plaintiff was an outside

5   appraiser, which meant that he worked in the field and from his home and did not report to an

6   office. Reece Dep. Vol. I at 97–98. Plaintiff was scheduled to work from 8:00 a.m. to 4:30 p.m.

7   Monday through Friday. Id. at 116. As a remote and non–overtime exempt employee, Plaintiff was

8   required to accurately record what hours he worked on an electronic time sheet, including overtime

9   hours. Id. at 47–48; 114. Plaintiff has admitted that he never kept a record of his time worked

10  outside of the records entered in Defendant's computer system. Id. at 44.

11         Upon his hiring, in a statement he signed and dated March 7, 2007, Plaintiff acknowledged

12  reading, understanding, and agreeing to abide by Defendant's Employee Handbook which

13  explicated various company policies such as overtime pay, meal and rest period breaks, and dress

14  code. See Boyer Decl. Ex. B. Defendant's overtime policy required non-exempt employees like

15  Plaintiff to obtain pre-approval from their supervisors for overtime work. Id. Ex. C, at 16; id. Ex.

16  MM, Dep. of Dean Reece Vol. II, at 239. Even if an employee worked non-approved overtime,

17  Defendant would generally still pay for the overtime hours worked. Id.; id. Ex. NN, Dep. of Ronald

18  J. Stanley, at 84–85, 99–100. Defendant compensated Plaintiff for all his reported overtime,

19  whether preapproved or not. Id. Stanley never denied Plaintiff's request to work overtime or

20  complained that Plaintiff was reporting too many overtime hours. Reece Dep. Vol. II, at 239, 247.

21         Defendant's meal period policy required non-exempt employees like Plaintiff to take

22  required unpaid meal and rest breaks during the workday. Id. Ex. C, at 43. This policy, and that of

23  the overtime hours reporting requirement, was outlined and explained in Defendant's Employee

24  Handbook. Id.

25         Prior to his termination, Defendant received several written reprimands for violations of

26  various company policies. First, on January 9, 2009 Plaintiff was issued a written reprimand for

27  inappropriately using Defendant's email system in violation of Defendant's electronic use policy.

28

2

United States District Court
For the Northern District of California

Id. Ex. N; see also Def.'s Mot. for Summ. J. 6. This reprimand stemmed from Plaintiff's forwarding a sexually provocative email to his personal email account in violation of company policy. Boyer Decl. Ex. N. Plaintiff contends that he forwarded the unsolicited pornographic email to his personal account with the intentions of deleting it immediately. Decl. of Dean Reece in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. ¶ 16. In August 2009, Plaintiff was issued a second written reprimand, which stemmed from Defendant's determination that Plaintiff had been "steering" customers to particular auto shops in violation of California law.[2] See Def.'s Mot. for Summ. J. 6–7 (summarizing this violation); Boyer Decl. Ex. C. Plaintiff submits that the "steering memo was not warranted." Reece Decl. ¶ 16. On April 8, 2010, Plaintiff received a third written reprimand for violating Defendant's electronic use policy by sending inappropriate company-wide emails openly criticizing others within the company. Boyer Decl. Ex. P; see also Def.'s Mot. for Summ. J. 8. Plaintiff contends that this action was inadvertent. Reece Decl. ¶ 16.

In or around late November 2010, Plaintiff conducted an appraisal of an insured's vehicle while dressed in shorts—a violation of Defendant's dress code policy. Boyer Decl. Exs. R, S; id. Ex. C, at 17, 24–25. This violation was discovered by Defendant's Claims Supervisor Lisa Morgan ("Morgan") while she was reviewing one of Plaintiff's repair estimate files, which contained a photograph showing Plaintiff wearing shorts while conducting the damage appraisal. Lyons Dep., at 87–88. Morgan referred the incident to Stanley, who, in an email dated April 1, 2011, requested to meet with Plaintiff to discuss the situation. Boyer Decl. Ex. R. Plaintiff at first responded to this email with a joke and sexual innuendo—a response which Plaintiff has admitted was inappropriate. Id. Exs. R, T; see also Def.'s Mot. for Summ. J. 8. Plaintiff also sent an email to a coworker making light of the situation and containing disparaging remarks about Stanley. Id. Ex. U. Plaintiff's second email response to Stanley contained an explanation of why he was wearing shorts during the work day, suggesting that he was working off-the-clock and through his meal

---

[2] California law prohibits insurance companies from suggesting or recommending that an automobile be repaired at a specific automotive repair dealer unless a referral is requested by claimants or claimants are informed in writing of their right to select their own shop. See Cal. Ins. Code § 758.5.

Case No.: 5:11-CV-03960 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

periods. Id. Ex. V.  Stanley referred the matter to Defendant's Human Resources Business Partner Glen Lyons ("Lyons"). Stanley Dep., at 141–42.

Lyons met with Regional Claims Manager Coy Jacobs ("Jacobs") and Stanley's supervisor Stephanie Woodcock ("Woodcock") to discuss the matter. Boyer Decl. Ex. KK, Dep. of Glen Lyons, at 79–80. The three concluded that Plaintiff's email responses to Stanley were a cause for concern not only because of their inappropriate nature, but also because they suggested that Plaintiff was working unreported overtime hours, in violation of company policy. Id. at 80–88; see also Def.'s Mot. for Summ. J. 9. Based on this situation, the emails, and Plaintiff's prior disciplinary issues, Lyons, Jacobs, Woodcock, and Stanley concluded that Plaintiff was unwilling or unable to comply with company policies. Lyons Dep. at 95, 10–01; see also Def.'s Mot. for Summ. J. 10. As a result of these discussions and conclusions, the decision was made to terminate Plaintiff's employment. Boyer Decl. Ex. JJ, Dep. of Coy Jacobs, at 31–32; see also Def.'s Mot. for Summ. J. 10. Jacobs and Lyons notified Plaintiff that his employment was being terminated, effective April 8, 2011, for violations of Defendant's policies regarding dress code, meal and rest break, overtime, and electronic communications. Id.

Immediately following the termination of Plaintiff's employment, pursuant to company policy, Stanley and Lyon collected and reviewed the contents of Plaintiff's company laptop. Lyons Dep. 85, 106, 115. During this review, they discovered that Plaintiff had saved and sent several inappropriate emails using Defendant's computer system in violation of Defendant's electronic communications policy. See Def.'s Mot. for Summ. J. 11 (summarizing the inappropriate contents of Plaintiff's company laptop).

**B.  Procedural History**

On July 13, 2011, Plaintiff filed a First Amended Complaint against Defendant in Santa Clara County Superior Court. See Notice of Removal Ex. A. In the First Amended Complaint, Plaintiff alleged four causes of action against Defendant: (1) failure to pay overtime wages; (2) failure to provide meal and rest periods; (3) failure to pay earned wages upon termination of

4

1    employment; and (4) wrongful termination. Id. On August 12, 2011, Defendant removed the action

2    to this Court on the basis that this Court has original jurisdiction under 28 U.S.C § 1332 based on

3    diversity of the citizenship of the parties.[3] On October 26, 2012, Defendant filed the present

4    Motion for Summary Judgment, seeking dismissal of the entirety of the action. See Docket Item

5    No. 25.

6

7    **II.    Motion for Summary Judgment Standard**

8            A motion for summary judgment should be granted if "there is no genuine dispute as to any

9    material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a);

10   Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the

11   initial burden of informing the court of the basis for the motion and identifying the portions of the

12   pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the

13   absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

14           If the moving party meets this initial burden, the burden then shifts to the non-moving party

15   to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for

16   trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. The court must regard as true the opposing

17   party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324.

18   However, the mere suggestion that facts are in controversy, as well as conclusory or speculative

19   testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See

20   Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving

21   party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see

22   also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

23           A genuine issue for trial exists if the non-moving party presents evidence from which a

24   reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the

25   material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986);

26

---

27   [3] Plaintiff is a citizen and resident of Santa Clara County, California; Defendant is an entity incorporated in Illinois
     with its principal place of business in Illinois. Notice of Removal ¶ 9. The amount in controversy exceeds $75,000. Id.
28   ¶¶ 16–18.

Case No.: 5:11-CV-03960 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    Barlow v. Ground, 943 F.2d 1132, 1134–36 (9th Cir. 1991). Conversely, summary judgment must

2    be granted where a party "fails to make a showing sufficient to establish the existence of an

3    element essential to that party's case, on which that party will bear the burden of proof at trial."

4    Celotex, 477 U.S. at 322.

5

6    **III.    Discussion**

7        **A.  First Cause of Action: Failure to Pay Overtime Wages**

8            The California Labor Code requires employers to compensate non–overtime exempt

9    employees one-and-one-half or two times the regular wages for hours worked in excess of eight

10   hours in one workday, forty hours in one workweek, or on the seventh consecutive day of work.

11   Cal. Lab. Code § 510. Plaintiff submits that he "routinely worked twelve to fourteen hour days five

12   days per week . . . and often did additional work on either Saturday or Sunday of the work week."

13   First Am. Compl. ¶ 7. Plaintiff argues that he was not compensated for these overtime hours with

14   the required overtime wages. Id.

15           Section 510 of the California Labor Code is not a strict liability statute; in other words, in

16   order to prevail on his claim, Plaintiff must prove that Defendant had actual or constructive

17   knowledge that Plaintiff was working overtime hours and still failed to pay the overtime wages.

18   Morillion v. Royal Packing Co., 22 Cal.4th 575, 585 (2000); White v. Starbucks Corp., 497 F.

19   Supp. 2d 1080, 1083 (N.D. Cal. 2007); Koike v. Starbucks Corp.., No. C 06-3215 VRW, 2008 WL

20   7796650, at *6 (N.D. Cal. June 20, 2008).

21           It is not disputed that Plaintiff was aware of Defendant's policy requiring employees to

22   record all overtime hours. Moreover, Plaintiff has admitted that he was paid overtime

23   compensation for all the overtime hours he reported. One example of this is as follows:

24           Q:    . . . Have you ever put time on your time sheet beyond your regular working
                   hours, so exceeding, you know, eight hours per day, where you were not paid
25                 for it?

26           A:    Maybe overtime was approved in advance, for whatever reason—

27           Q:    Regardless of whether it was approved in advance.

28

                                                        6

Case No.: 5:11-CV-03960 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

A:    Yeah, it was approved in advance, and I would put it on my time sheet before [Stanley]—before it's entered on my sheet, it's already discussed with [Stanley].

Q:    Okay. But my question is this. Did you ever put time on your time sheet, overtime, that was not paid for?

A:    No.

Reece Dep. Vol. I., at 72; see also Def.'s Mot. for Summ. J. 13 (listing other examples of Plaintiff's testimony which suggests that he was paid for reported the overtime hours he worked). Evidence also suggests that Defendant would compensate Plaintiff and other employees even if they did not obtain pre-approval for overtime hours. See id. at 5.

In support of his claims and opposition to Defendant's Motion for Summary Judgment, Plaintiff contends that Defendant had reasons to believe that Plaintiff was working unreported overtime hours based on work-related emails Plaintiff would send with timestamps outside the normal work hours. Pl.'s Opp'n to Def.'s Mot. for Summ. J. 5–6. Therefore, Plaintiff argues, Defendant was required by law to compensate him for those hours. Id. The Court disagrees. Plaintiff's argument is belied by Plaintiff's own deposition testimony; Plaintiff has admitted that when he was asked whether he was working unreported hours on multiple occasions, he consistently answered in the negative. One example of this is as follows:

Q:    It's true, is it not, that Lyons asked you if you had any overtime to report at one point during your employment; correct?

A:    Yes.

Q:    And you told them you did not?

A:    Yes.

Reece Dep. Vol. II, at 253; see also Def.'s Mot. for Summ. J. 7 (summarizing other similar instances as shown through deposition testimony by Plaintiff, Lyons, and Stanley). This evidence shows that even if Plaintiff was working unreported overtime hours—a contention that Plaintiff has provided no evidence to support—Plaintiff dispelled any reasons for Defendant to believe that he was working those overtime hours.

Case No.: 5:11-CV-03960 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff also suggests that he did not report some of his overtime hours because he feared doing so would threaten his job. First Am. Compl. ¶ 5; Pl's Opp'n to Def.'s Mot. for Summ. J. 5. However, this notion is proven false or implausible by the evidence presented by Defendant— including Plaintiff's own deposition testimony—which shows that Defendant never denied any of Plaintiff's requests to work overtime or complained about his requesting overtime. Reece Dep. Vol. I, at 72–76 (repeatedly answering in the negative when asked whether Stanley ever denied Plaintiff's overtime requests); id. at 239 (same); Reece Dep. Vol. II, at 247–49 (suggesting that Stanley never complained about Plaintiff's overtime hours or requests for overtime); see also Stanley Dep., at 133, 140–41. As such, Plaintiff's argument that he feared reporting his overtime hours neither holds merit nor does it create a genuine issue of material fact so as to defeat Defendant's summary judgment motion. See Porch v. Masterfoods, USA, Inc., 685 F. Supp. 2d 1058, 1068–69 (C.D. Cal. 2008).

Accordingly, the Court finds that Plaintiff has failed to establish his burden or raise a genuine issue of material fact as to whether Defendant knew or should have known that Plaintiff was working overtime hours. As such, Plaintiff's First Cause of Action has no merit.

**B.  Second Cause of Action: Failure to Provide Meal and Rest Periods**

The California Labor Code prohibits employers from employing employees for a work period of more than five hours per day without providing those employees with a meal period of at least 30 minutes. Cal. Lab. Code § 512(a); see also Cal. Code Regs., tit. 8, § 11040(11)(A). California's Wage Order No. 4 requires employers to "authorize and permit" their employees to take a ten minute rest break for every four hours worked. Id. § 11040(12); see also id. § 11040(12)(A) ("Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period."). Wage Order No. 5 prescribes rest periods. Id. § 11050. The Labor Code prevents employers from requiring employees to work during any meal or rest period mandated by an applicable order such as the Wage Order No. 4 or No. 5. Cal. Lab. Code § 226.7.

8

**United States District Court**
For the Northern District of California

1    The California Supreme Court has interpreted these statutes and orders as requiring

2    employers to ensure only that these meal and break periods are made available to employees.

3    Brinker Restaurant Corp. v. Superior Court, 53 Cal.4th 1004, 1038–40 (2012). An employee must

4    show that the employer actually prevented the employee from taking breaks; mere proof of

5    knowledge that the employee was forgoing breaks is insufficient. Id. at 1040 ("Proof an employer

6    had knowledge of employees working through meal periods will not alone subject the employer to

7    liability for premium pay . . . .").

8    Plaintiff contends that he was unable to take meal and rest breaks due to his demanding

9    schedule reviewing claims in person and completing the subsequent paperwork. Pl.'s Opp'n to

10   Def.'s Mot. for Summ. J. 7. Plaintiff further argues that Defendant "structured Plaintiff's work day

11   so that it was . . . impossible for Plaintiff to take meal breaks" and that the "sheer volume of

12   plaintiff's work and the expectations placed upon him[] made taking breaks physically

13   impossible." Id.; First Am. Compl. ¶ 11 ("[Defendant] willfully failed to provide Plaintiff with the

14   opportunity to take such breaks . . . ."). However, Plaintiff provides no evidence to support these

15   conclusory notions that Defendant failed to provide or prevented Plaintiff from taking the meal and

16   rest breaks.

17   Moreover, Defendant has presented the Court with a wealth of evidence that Defendant,

18   through its policies and actions, allowed—and in fact required—Plaintiff to take the meal and rest

19   break. See Boyer Decl. Ex. C; Def.'s Mot. for Summ. J. 16–17. In fact, Plaintiff has admitted that

20   he took such breaks on a regular basis. See, e.g., Reece Dep. Vol. I, at 47–48, 142–43. When

21   asked, "Did you ever see anything or hear anything during your employment that led you to believe

22   you were not allowed to take a meal period?" Plaintiff responded, "No, no." Id. at 136. Plaintiff has

23   also admitted that he never complained about not being able to take such breaks. See, e.g., id. at

24   137; Def.'s Mot. for Summ. J. 16–17. Even if Defendant's agents were aware that Plaintiff was not

25   taking the meal and rest breaks—as Plaintiff so contends albeit without providing evidence to

26   support such a contention—it would still not rise to the level of a violation of the labor laws.

27   Brinker, 53 Cal.4th at 1040.

28

Case No.: 5:11-CV-03960 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Accordingly, Plaintiff has not sufficiently established that there exists a genuine issue of material fact as to whether Defendant failed to provide the required meal and rest breaks or prevented Plaintiff from taking those breaks.

**C. Third Cause of Action: Failure to Pay Earned Wages Upon Termination of Employment**

The Labor Code requires that employers pay employees outstanding wages immediately upon termination of employment; if an "employer willfully fails to pay[,] . . .the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced." Cal. Lab. Code §§ 201, 203. Because, as shown above, Plaintiff has failed to establish that there were outstanding wages owed to him, Plaintiff has not met the requirements of his Third Cause of Action.

**D. Fourth Cause of Action: Wrongful Termination**

Under California law, to establish a prima facie case for wrongful termination, Plaintiff must show "(1) he or she engaged in a protected activity; (2) the employer subjected the employee to an adverse employment action; and (3) a causal link between the protected activity and the employer's action." Akers v. County of San Diego, 95 Cal. App. 4th 1441, 1453 (2002). If a plaintiff meets this burden, the defendant must put forth a legitimate, non-discriminatory reason for the adverse employment action; if that is accomplished, the plaintiff must then show that the stated reason is pretext. Id.; see also Crown v. Wal-Mart Stores, Inc., 8 Fed. App'x 776, 778 (9th Cir. 2001) (holding that a plaintiff to a retaliation complaint has the burden of proving—in addition to the engagement in protected activity and the causal link between that activity and the retaliatory conduct—that the employer's explanation for the action was a pretext for the illegal consequence).

Plaintiff argues that his employment was unlawfully terminated by Defendant when Plaintiff allegedly complained to Defendant about working overtime without being duly compensated for doing so. First Am. Compl. ¶ 19. However, to support these conclusory assertions, Plaintiff provides no evidence that he complained of this activity and that his termination was a

10

result of those complaints. On the contrary, as noted above, Plaintiff has admitted that he did not complain about not being compensated about working overtime hours or not being allowed to take meal or rest breaks. Accordingly, Plaintiff has not established a prima facie claim of wrongful termination.

## IV.     Conclusion and Order

Plaintiff has failed to establish each of the four claims he has alleged in his First Amended Complaint. For the aforementioned reasons, because there exists no genuine issue of material fact and judgment in favor of Defendant is proper, Defendant's Motion for Summary Judgment is GRANTED in its entirety.

Since this order effectively resolves this case, all previously-set deadlines and hearings, including the trial dates, are VACATED. Judgment shall be entered in favor of Defendant and the clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 22, 2013



EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

11

Case No.: 5:11-CV-03960 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT